STATE OF HAWAII, by its Attorney General, Plaintiff-Appellant, *v.* JAMES MALLABY GREENWELL, also known as James M. Greenwell, and C. FREDERICK SCHUTTE, also known as C. F. SCHUTTE, Co-Executors under the Will and of the Estate of Francis Radcliffe Greenwell, also known as Francis R. Greenwell, deceased; DONN W. CARLSMITH and THE FIRST TRUST COMPANY OF HILO, LTD., Co-Administrators of the Estate of James Spencer, deceased; MARTHA LEHUA SPENCER MOSSMAN, also known as Lehua Spencer Mossman; FRANCIS M. .P. SPENCER; ROSE PRATT; and ALICE BECKLEY SPENCER, Defendants-Appellees

STATE OF HAWAII, by its Attorney General, Plaintiff-Appellant, *v.* LANIHAU CORPORATION, a Hawaii corporation, Defendant-Appellee

NO. 5222

DECEMBER 13, 1973

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON, JJ., AND CIRCUIT JUDGE LANHAM IN PLACE OF KOBAYASHI, J., DISQUALIFIED

OPINION OF THE COURT BY RICHARDSON, C.J.

This appeal arises out of a consolidated eminent domain proceeding brought by the State of Hawaii to condemn certain parcels of land in the ahupuaas of Honakahau 1st and Honakahau 2d for the construction of a public highway, Kailua-Kawaihae Road, Section II. At trial, defendants Greenwell and Lanihau successfully moved to strike all testimony of plaintiff's appraisers regarding special benefits. Defendants then prevailed on a motion for a partial directed verdict on special benefits. The state urges reversible as error the granting of these motions. The state further appeals the exclusion of testimony offered to show the unitary nature of the Kailua-Kawaihae Road project.

I

The trial court apparently granted defendants' motion to strike testimony as to special benefits on the grounds that the method of valuation used was inadmissible. The trial court relied on our criticism of the "before and after" method of valuation. *Territory v. Adelmeyer*, 45 Haw. 144, 363 P.2d 979 (1961); *Territory v. Mendonca*, 46 Haw. 83, 375 P.2d 6 (1962). As recently as this term we have viewed with disfavor the "before and after" method. *State v. Midkiff*, 55 Haw. 190, 516 P.2d 1250 (1973). We have never, however, held this method of valuation to be inadmissible. We do limit such testimony to supportive evidence of an expert's valuation of special benefits, if any. "The state must however prove a

214

direct relationship between any amount of the total enhancement and the special benefit alleged.'' *State v. Midkiff, supra* at 196.

It is possible that much of our distaste for the method is caused not by its shortcomings, many of which are discussed in other opinions,[1] but by attempts to use the method in inappropriate circumstances. Much of the confusion in the case at hand seems to be a result of the "before and after" method being offered as substantive proof of the existence of special benefits rather than as evidence of the value of special benefits if any.

Such testimony may indeed be subject to a motion to strike. Similarly testimony that enhancement value computed through the use of the "before and after" method "represented" special benefits may have been subject to a motion to strike. The striking of *all* testimony with respect to special benefits and the subsequent directed verdict on the issue of special benefits cut the heart out of the state's case when only minor surgery was required. Along with the objectionable conclusions of the state's witnesses, the trial court excised valid evidence of the existence of special benefits and the value of such benefits.

It may be argued that even if the stricken testimony is considered, the state's case was insufficient to go to the jury. It is not clear how the trial court would have ruled on the motion for a directed verdict had the motion to strike not been granted. We hold that the admissible portions of the state's case, viewed in the light most favorable to the state, were sufficient to present a prima facie case. The state having met its burden of going forward, the motion for a directed verdict should not have been granted.

II

We further hold that certain testimony offered to show the unitary nature of the first and second increments of the

---

[1] Territory v. Adelmeyer, *supra;* Territory v. Mendonca, *supra;* State v. Midkiff, *supra.*

Kailua-Kawaihae Road project should not have been excluded. The law is well settled in this jurisdiction that where a "public project from the beginning included the taking of certain tracts, but only one of them is taken in the first instance, the owner of the other tracts should not be allowed an increased value for his lands which are ultimately taken." *Territory v. American Security Bank*, 43 Haw. 167, 170 (1959), citing with approval 4 Nichols, *Eminent Domain*, § 12.3151[E] at 127. Exclusion of the proffered testimony deprived the state of deducting any enhancement to the *land taken* in the second increment that was attributable to the first taking.

Reversed and remanded for a new trial.

*Wallace W. Weatherwax*, Deputy Attorney General *(George Pai*, Attorney General, with him on the briefs) for State of Hawaii plaintiff-appellant.

*Robert B. Bunn* and *Donald E. Scearce (Cades Schutte Fleming & Wright* of counsel) for defendant-appellee Lanihau Corp.

*Harriet Bouslog (Bouslog & Symonds* of counsel) for defendant-appellee Spencers.

### CONCURRING OPINION OF LANHAM, CIRCUIT JUDGE

I concur in the result reached by the majority, however due to the perplexing state of the record in this case I would reverse solely on the grounds that the State was denied "equal range." *City and County v. Bishop Trust Co.*, 48 Haw. 444, 404 P.2d 373 (1965). I do not therefore reach the issues decided by the majority.